[Cite as *State v. Miller*, 2026-Ohio-3028.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                 :

                                            No. 116061

    v.                                            :

GREGORY MILLER, JR.,                         :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 6, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664866-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Gregory Miller, Jr., *pro se*.

LISA B. FORBES, P.J.:

{¶ 1} Gregory Miller, Jr., ("Miller") appeals the trial court's journal entry denying his petition for postconviction relief regarding his convictions for involuntary manslaughter, multiple drug-trafficking offenses, and having weapons while under disability. After a thorough review of the facts and the law, we affirm.

## I. Procedural History

{¶ 2} On November 3, 2021, Miller and a codefendant were named in a 37-count indictment in the Cuyahoga County Common Pleas Court. Related to the death of Richard Pratt Jr. ("Pratt"), Miller was indicted for Count 1, involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04(A). Miller was also indicted for Count 5, trafficking (cocaine), a fifth-degree felony, in violation of R.C. 2925.03(A)(2); Count 28, having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(3); and Count 29, trafficking (fentanyl-related compound, between 20 and 50 grams), a first-degree felony, in violation of R.C. 2925.03(A)(2). Associated with Count 28 was a weapon-forfeiture specification, under R.C. 2941.1417(A). Count 29 carried a juvenile specification, under R.C. 2925.01(BB), and specifications concerning forfeiture of a cell phone and money in a drug case, each under R.C. 2941.1417(A).

{¶ 3} On May 17, 2023, the court issued a journal entry noting that Miller pled guilty to Counts 1, 5, and 28, as indicted. Miller also pled guilty to amended Count 29, trafficking (fentanyl-related compound, between 10 and 20 grams), a second-degree felony, in violation of R.C. 2925.03(A)(2), and the associated forfeiture specifications. The State nolled all remaining counts and specifications against Miller.

{¶ 4} On June 28, 2023, the court issued a journal entry sentencing Miller to a seven-year prison term on Count 1, with the possibility of a ten and one-half year maximum term under the Reagan Tokes Law. The court sentenced Miller to

prison terms on Counts 5, 28, and 29, each of which ran concurrently to the sentence on Count 1.

{¶ 5} Almost two years later, on June 27, 2025, Miller filed a postconviction-relief petition that set forth two grounds for relief. First, Miller claimed that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing a medical examiner's report related to Pratt's death. Concerning this claim, Miller attached to his petition an Ohio Court of Claims decision regarding a crime-victims compensation application that arose from Pratt's death. The decision discussed a medical examiner's report that attributed Pratt's death to a drug overdose. Second, Miller asserted that the court violated Crim.R. 7(D) by amending Count 29. Relatedly, attached to Miller's petition were the following documents from the trial court proceedings in this case: Miller's original indictment, a portion of the transcript from Miller's plea hearing, and a portion of the transcript from Miller's sentencing hearing.

{¶ 6} The court denied Miller's petition on December 23, 2025. Miller appeals, raising the following assignments of error:

> I. The trial court erred, as a matter of law, in denying post-conviction relief without first determining the threshold question of jurisdiction.

> II. The trial court abused its discretion in not holding an evidentiary hearing on the competing evidence presented by the parties.

## II. Law and Analysis

{¶ 7} For ease of analysis, we address Miller's assignments of error together.

{¶ 8} R.C. 2953.21(A)(2)(a) imposes timing restrictions on a petition for postconviction relief. Where a criminal defendant has not initiated a direct appeal from his conviction, except as provided in R.C. 2953.23, a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing [an] appeal." R.C. 2953.21(A)(2)(a); *accord State v. Spann*, 2024-Ohio-2069, ¶ 11 (8th Dist.) ("If no appeal is filed," postconviction-relief petitions must be filed 365 days after the expiration of time for filing an appeal.). App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file [a] notice of appeal . . . within 30 days of that entry."

{¶ 9} R.C. 2953.23 provides exceptions to the 365-day deadline for a postconviction-relief petition. Under this section, a court "may not entertain" a late-filed petition "unless division (A)(1) or (2) . . . applies." R.C. 2953.23(A)(2) concerns DNA evidence of actual innocence and does not apply here. Pertinent to this appeal, R.C. 2953.23(A)(1) permits a court to consider untimely petitions for postconviction relief where both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for

constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 10} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. "[W]hether a trial court has subject-matter jurisdiction to entertain an untimely postconviction-relief petition is a question of law that is reviewed de novo." *Spann* at ¶ 13, citing *Apanovitch* at ¶ 24.

{¶ 11} There is no question that Miller's petition was filed late under R.C. 2953.21(A)(2)(a). The trial court issued its journal entry sentencing Miller on June 28, 2023. Miller did not file a direct appeal from his conviction and sentence. Under App.R. 4(A)(1), his time for doing so elapsed 30 days after the court's sentencing entry, that is, on July 28, 2023. The time that passed between that date and the filing of Miller's petition significantly exceeded the 365-day period for a timely filing. Miller's deadline for a timely filing was July 27, 2024, but he did not file until June 27, 2025.

{¶ 12} We find that the provisions in R.C. 2953.23(A)(1) that permit a court to consider an untimely postconviction-relief petition were not satisfied here. Again, under R.C. 2953.23(A)(1)(b), a court may consider an untimely postconviction-relief petition where the petitioner shows a "constitutional error at trial." As this court has previously found, "Under the unambiguous language of [this] statute, a petitioner who pleaded guilty cannot seek an untimely . . . petition for postconviction relief

since he is unable to demonstrate an error at trial upon which the factfinder would have found him not guilty." *State v. Jones*, 2022-Ohio-1674, ¶ 9 (8th Dist.); *accord State v. Duncan*, 2025-Ohio-2456, ¶ 14 (8th Dist.) ("[Defendant's] conviction came about from a plea, not a trial; she is therefore unable to demonstrate that R.C. 2953.23(A)(1)(b) applied to her.").[1] Many Ohio appellate districts have applied R.C. 2953.23(A)(1)(b) in this manner. *State v. Rackley*, 2015-Ohio-4504, ¶ 17 (8th Dist.), citing *State v. Hairston*, 2013-Ohio-3834, ¶ 8 (10th Dist.); *State v. Deyman*, 2012-Ohio-3634, ¶ 4 (9th Dist.); *State v. Clark*, 2008-Ohio-194, ¶ 18 (5th Dist.); *State v. Pough*, 2004-Ohio-3933, ¶ 17 (11th Dist.). *Accord State v. Smith*, 2025-Ohio-2914, ¶ 8 (12th Dist.), citing, in part, *State v. Davis*, 2022-Ohio-4767, ¶ 29 (6th Dist.); *State v. Liles*, 2022-Ohio-1713, ¶ 13 (3d Dist.); *State v. Battigaglia*, 2021-Ohio-1781, ¶ 17 (7th Dist.); *State v. Lewis*, 2013-Ohio-1327, ¶ 8 (4th Dist.) (Courts "have consistently held that a guilty plea precludes" finding that an error occurred at trial under R.C. 2953.23(A)(1)(b), to support an untimely postconviction-relief petition.). Because Miller pled guilty to the offenses he now contests, he cannot demonstrate an error *at trial*, depriving the trial court of jurisdiction to hear his untimely petition for postconviction relief.

---

[1] One limited exception to this general rule has no application here. In *State v. Moon*, 2015-Ohio-1550 (8th Dist.), this court found that the trial court had jurisdiction under R.C. 2953.23(A)(1) over a late-filed postconviction-relief petition arising from a guilty plea where petitioner asserted that he did not knowingly, intelligently, and voluntarily enter the plea because he received ineffective assistance of counsel during the trial court proceeding that led to the plea agreement. Miller raises no such claim here regarding his trial counsel.

{¶ 13} We also find that the trial court did not have jurisdiction over Miller's untimely petition because Miller has not shown that he was unavoidably prevented from discovering the facts upon which his claims for relief are based under R.C. 2953.23(A)(1)(a). Generally, to meet the "unavoidably prevented from discovery" standard, "courts in Ohio have held that a defendant . . . must show that he [or she] was unaware of the evidence upon which he is relying and that he could not have discovered the evidence by exercising reasonable diligence." *State v. Dye*, 2024-Ohio-3191, ¶ 22 (8th Dist.). Concerning a late-filed postconviction-relief petition asserting a *Brady* violation, "a defendant satisfies the 'unavoidably prevented' requirement contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies." *Id.* at ¶ 24 (discussing *State v. Bethel*, 2022-Ohio-783, ¶ 25 in which the Ohio Supreme Court determined that a criminal defendant raising a *Brady* claim in an untimely petition for postconviction relief was "not required to show that he could not have discovered suppressed evidence by exercising reasonable diligence"). "In *Bethel*, the Court held that the documents the defendant submitted with his successive postconviction petition 'establish[ed] a prima facie claim that the prosecution suppressed [information in [an] investigative report]' in violation of *Brady*, thereby satisfying the 'unavoidably prevented' requirement in R.C. 2953.23(A)(1)(a)." *State v. Allen*, 2024-Ohio-970, ¶ 41 (8th Dist.), quoting *Bethel* at ¶ 25, 30, 59.

{¶ 14} Unlike in *Bethel*, related to his *Brady* claim, Miller has not made a prima facie showing that the State suppressed the medical examiner's report

concerning Pratt's death or that Miller was otherwise unavoidably prevented from discovering the report. The Court of Claims decision does not address whether the State possessed or failed to disclose the medical examiner's report in Miller's criminal case. Nor do the other documents that Miller gave us, those being his indictment and portions of the plea hearing and sentencing transcripts, include this information. Miller has provided no affidavit of counsel attesting to what information the State provided during the proceedings below or whether they had access to the medical examiner's report. The medical examiner's report is not even included with Miller's petition. Absent a prima facie showing that the State suppressed the information upon which Miller's *Brady* claim is based or that Miller was otherwise unavoidably prevented from discovering said information, we find that the court does not have jurisdiction to consider Miller's late-filed postconviction-relief petition.

{¶ 15} Miller has also not demonstrated that he was unavoidably prevented from discovering the purported violation of Crim.R. 7(D) stemming from the amendment to Count 29, as required for the trial court to have jurisdiction over his late-filed petition. To the contrary, the partial hearing transcript that Miller attached to his petition reveals that the court informed Miller that Count 29 would be amended before he pled guilty.

{¶ 16} Finally, in light of the foregoing, we find that the court did not err in not affording Miller an evidentiary hearing, as he asserts with his second assignment of error. "A petitioner is not automatically entitled to an evidentiary hearing on a

postconviction petition." *Duncan*, 2025-Ohio-2456, at ¶ 16 (8th Dist.), citing *State v. Jackson*, 64 Ohio St.2d 107, 110-113 (1980). "There must be a jurisdictional basis for the trial court to offer the requested relief." *Jones*, 2022-Ohio-1674, at ¶ 7 (8th Dist.), citing *Apanovitch*, 2018-Ohio-4744, at ¶ 38-41. "By providing that a court 'may not entertain' an untimely or successive postconviction petition except in limited circumstances, R.C. 2953.23(A) plainly prohibits a court from hearing and deciding on the merits a petition that does not meet one of the exceptions." *Apanovitch* at ¶ 38, quoting R.C. 2953.23(A). Considering our above finding that the trial court lacked jurisdiction to consider Miller's late-filed petition, we find that the trial court was without authority to hold a hearing on the merits of Miller's petition.

{¶ 17} Accordingly, Miller's first and second assignments of error are overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR